UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 04-80102-Cr-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

MICHAEL CRAPE,

    Defendant.
_____/



## ORDER OF CONDITIONAL RELEASE
## PURSUANT TO 18 U.S.C. § 4243(f)

On November 23, 2004, the Court committed the defendant to the custody and care of the Attorney General pursuant to 18 U.S.C. § 4243(e)(2). The Warden at the Federal Medical Center in Devens, Massachusetts (FMC Devens) has now certified to the court, pursuant to 18 U.S.C. § 4243(f), that the defendant has recovered from his mental disease or defect to such an extent that his conditional release under a prescribed regimen of care and treatment would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another. Therefore,

**IT IS HEREBY ORDERED**, pursuant to the provisions of 18 U.S.C. § 4243(f), that respondent be conditionally released under the following specific conditions or regimen of care:

    1. Mr. Crape shall be supervised by the U.S. Probation Office, Southern District of Florida. This supervision shall include his voluntary consent to release information between the Probation Office and treating mental health staff. Upon notice and determination that Mr. Crape has violated any term or condition of his release, the U.S. Probation Office shall notify the Court.

1



2. Mr. Crape will reside at the Oakwood Center Phoenix II Residential Program, West Palm Beach, Florida, telephone: (561) 383-8130, once a bed becomes available. If at the time of Mr. Crape's release a bed is not available at Phoenix II, it is the intent of this Court, based upon the written assurance of the staff at Oakwood Center, that the Oakwood Center staff shall temporarily secure a residence for him in a licensed Assisted Living Facility, whereby meals, medication monitoring, and cursory supervision can be provided.

3. Mr. Crape shall participate in mental health and medical services deemed necessary and will comply with treatment recommendations made by the probation officer or by the mental health professionals at the Oakwood Center. This would include admission to a psychiatric hospital on an inpatient basis should it be warranted.

4. Mr. Crape shall be monitored by mental health professionals for evidence of psychiatric difficulties and will continue to take medication as ordered and which may be adjusted by the clinicians at the Oakwood Center.

5. Mr. Crape shall not own or possess any firearms, dangerous weapons, or other destructive devices. Revocation of conditional release is mandatory for possession of any firearms, dangerous weapons, or other destructive devices.

6. Mr. Crape shall not mail, distribute, or otherwise transmit any threatening communications. Revocation of conditional release is mandatory for mailing, distributing, or otherwise transmitting any threatening communications.

7. Mr. Crape shall comply with the other standard conditions of release as proposed by the U.S. Probation Office. Upon notice from the U.S. Probation Office, or other probable cause to believe that the defendant has failed to comply with the prescribed regimen of medical, psychiatric

or psychological care or treatment, the defendant may be arrested.

8. Annual reports shall be filed by the probation office with the Court, with copies to the Assistant United States Attorney, United States Secret Service, Mr. Crape's Federal Public Defender, and the Warden of the Federal Medical Center Devens, Ayer, Massachusetts.

9. Mr. Crape will remain under the supervision of the U.S. Probation Office until he is discharged from all mental health treatment. The primary treatment provider may be changed with the approval of the U.S. Probation Office. Should Mr. Crape violate any of the conditions set forth herein, including the standard conditions of supervised release as set forth by the U.S. Probation Office, the treating facility or the Probation Officer shall provide notice to the Attorney General's office. Upon such notice or upon other probable cause to believe that Mr. Crape has failed to comply with his prescribed regimen of medical, psychiatric, or psychological care or treatment, he may be arrested. Upon arrest, Mr. Crape shall be brought without unnecessary delay before this Court so that it might, after conducting a hearing, determine whether he should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

Prior to Mr. Crape's discharge from all mental health treatment, the treating facility will notify the court so that the conditions of release may be reviewed.

Upon receipt and verification of this Order, the Bureau of Prisons shall contact the appropriate persons to schedule an arrival date, finalize release paperwork, make transportation arrangements, arrange the initial appointment for mental health aftercare and contact the assigned U.S. Probation officer with the date and time of release from the Bureau of Prisons. The U.S.

Probation officer shall notify the Court of the actual release date from FMC Devens and shall ensure that the annual reports are submitted as required by statute. The Bureau of Prisons shall release the defendant after all release arrangements are satisfactory and complete.

Dated this 5 day of April, 2005.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT COURT JUDGE

cc: William T. Zloch, AUSA/WPB
Robin C. Rosen-Evans, AFPD/WPB
USPO Southern District of Florida
United States Marshals Service/WPB
United States Secret Service/WPB
David Winn, Warden, FMC-Devens, MA